JAMES COOK #1009166
Moberly Correctional Center
5201 South Morley Street
  P.O. Box 7
Moberly, Mo. 65270

**RECEIVED**

JUN 12 2023

**BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

JAMES   COOK,#1009166,            )
                                  )
    Plaintiff,                    )
                                  )
*(Write the full name of the plaintiff in this action.*   )   Case No: _____
*Include prisoner registration number.)*   )   *(to be assigned by Clerk of District Court)*
                                  )
v.                                )   Plaintiff Requests Trial by Jury
                                  )   [X] Yes   [ ] No
CITY OF PIKE COUNTY(Municipality);)
                                  )
(Prosecutor) Alex Ellison ;       )
( Associate  Judge)Milan Berry;   )
(Police Officer)Robert Embly ;    )
(see, CAPTION CONTINUED) (attach) )
*(Write the full name of each defendant. The caption*   )
*must include the names of **all** of the parties.*   )
*Fed. R. Civ. P. 10(a). Merely listing one party and*   )
*writing "et al." is insufficient. Attach additional*   )
*sheets if necessary.)*            )

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## CAPTION (CONTINUED)

(Pike County Deputy Sheriff) Conor Martin;

(Pike County Deputy Sheriff) Steve Kolthoff;

(Pike County Deputy Sheriff) William Harrison;

(Pike County Office Manager) Jane Doe(a.k.a. Charolette);

(Pike County Assistant Manager) Corina Chalbach;

(Pike County Sheriff) Stephen Korte;

(Pike County Deputy Sheriff) John Doe I;

(Pike County Jailer) Richard Utley;

(Pike County Jailer) Logan Phelps;

(Doctor for Pike County Jail) Alan Weaver;

(Nurse for Pike County Jail) Debby Welch;

(Public Defender) Tamra Lucas;

(Public Defender) Tasia Meglio;

(Public Defender) Christopher Terrell;

(Chief Of Louisiana Police Department) Corey Anderson;

Rebecca Lawson;

Amy Kerr;

Falisha Beaudreau;

Blake Sutton;

(Pike County Deputy Sheriff) John Doe II;

(Pike County Deputy Sheriff) John Doe III,

                    Defendants.

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: __JAMES COOK #1009166__

Other names you have used: ____JAMES TURNER__

Prisoner Registration Number: ____#1009166__

Current Institution: __MOBERLY CORRECTIONAL CENTER (MCC)__

Indicate your prisoner status:

| ☒ Pretrial detainee | ☒ Convicted and sentenced state prisoner |
| ☐ Civilly committed detainee | ☐ Convicted and sentenced federal prisoner |
| ☐ Immigration detainee | ☐ Other (explain): _____ |

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

### Defendant 1

Name: __CITY OF PIKE COUNTY__

Job or Title: __MUNICIPALITY__

Badge/Shield Number: __N/A__

Employer: __CITY OF PIKE COUNTY__

Address: __1600 Business HIGHWAY 54, Bowling Green, Mo. 63334__

____X____ Individual Capacity          ____X____ Official Capacity

2

**(DEFENDANTS CONTINUED)**
(ATTACH PAGE *1* OF *6* )

**DEFENDANT** 2
NAME: ALEX ELLISON
Job or Title: PROSECUTOR FOR THE 45th JUDICIAL CIRCUIT
Badge/Shield Number: 68045
Employer: 45th Judicial Circuit
Address: 115 west main st., Bowling Green, Mo.63334
Indivisual and Official Capacities

**DEFENDANT** 3
Name: Milan Berry
Job or Title: Associate  Judge
Badge/Shield Number: Unknown
Employer: 45th Judicial Circuit
Address: 115 West Main St.,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT** 4
Name: Robert Embly (a.k.a. Eddie Embly)
Job or Title: Louisiana Missouri Police Officer
Employer: Louisiana Police Department
Address: 202 S. 3rd Street #121, Louisiana,Mo.63353
Badge/Shield Number: 319
Indivisual and Official Capacities

**DEFENDANT** 5
Name: Conor Martin
Job or Title: Pike County Deputy Sheriff
Badge/Shield Number: 425
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT** 6
Name: Steve Kolthoff
Job or Title: Pike County Deputy Sheriff

**(DEFENDANTS CONTINUED)**

(ATTACH PAGE 2 OF 6 )

Badge/Shield Number: 405
Employer: Pike County Sheriff Department
Adress: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 7**

Name: William Harrison
Job or Title: Pike County Deputy Sheriff and/or Special Forces
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 8**

Name: Jane Doe (a.k.a. Charolette)
Job or Title: Pike County Office Manager
badge/Shield Number: unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 9**

Name: Corina Chalbach
Job or Title: Pike County Assistant Office Manager
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 10**

Name: Stephen Kolte
Job or Title: Pike County Sheriff
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department

**(DEFENDANTS CONTINUED)**

(ATTACH PAGE 3 OF 6 )

Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDAT 11**

Name: John Doe
Job or Title: Pike County Deputy Sheriff
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 12**

Name: Richard Utley
Badge/Shield Number: Unknown
Job or Title: Pike County Jailer
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 13**

Name:  Logan Phelps
Job or Title: Pike County Jailer
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 14**

Name: Alan Weaver
Job or Title: Pike County Jail Doctor
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Badge/Shield Number: Unknown
Indivisual and Official Capacities

**DEFENDANT 15**

**(DEFENDANTS CONTINUED)**

(ATTACH PAGE_4_OF_6_)

Name: Debby Welch
Job or Title: Nurse
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT 16**
Name: Tamra Lucas
Job or Title: 45th Judicial Circuit Public Defender
Badge/Shield Number: Unknown
Employer: 45th Judicial Circuit
Address: 201 North Third Ste 301, Hannibal,Mo.63401
Indivisual and Official Capacities

**DEFENDANT 17**
Name: Tasia Meglio
Job or Title: Public Defender
Badge/Shield Number: Unknown
Employer: 45th Judicial Circuit
Address: 201 North Third Ste 301, Hannibal,Mo.63401
Indivisual and Official Capacities

**DEFENDANT 18**
Name: Christopher Terrell
Job or Title: State Public Defendar
Badge/Shield Number: Unknown
Employer: 45th Judicial Circuit
Address: 201 North Third ste 301, Hannibal,Mo.63401
Indivisual and Official Capacities

**DEFENDANT 19**
Name: Corey Anderson
Job or Title: Chief Of  Louisiana Police Department

**DEFENDANTS (CONTINUED)**

(ATTACH PAGE 5 OF 6 )

Badge/Shield Number: Unknown
Employer: Louisiana Police Department
Address: 202 S. 3rd Street #121, Louisiana,Mo.63353
Indivisual and Official Capacities

**DEFENDANT 20**
Name: Rebecca Lawson
Job or Title: Unknown
Badge/Shield Number: Unknown
Employer: Unknown
Address: 314 Frankford Rd., Louisiana, Mo.63353
Indivisual Capacity Only

**DEFENDANT 21**
Name: Amy Kerr
Job or Title: Unknown
Badge/Shield Number: Unknown
Employer: Unknown
Address: 121 South D. Street, Louisiana, Mo.63353
Indivisual Capacity Only

**DEFENDANT 22**
Name: Falisha Beaudreau
Job or Title: Unknown
Badge/Shield: Unknown
Employer: Unknown
Address: 409 Nebraska Street, Louisiana, Mo.63353
Indivisual Capacity Only

**DEFENDANT 23**
Name: Blake Sutton
Job or Title: Unknown
Badge/Shield Number: Unknown
Employer: Unknown

**DEFENDANTS (CONTINUED)**

(ATTACH PAGE 6 OF 6 )

Address: 409 Nebraska street, Louisiana, Mo.63353
Indivisual and Official Capacities

**DEFENDANT 24**
Name: John Doe
Job or Title: Pike County Deputy Sheriff
Badge/Shield Number: Unknown
Employer: Pike County Sheriff Department
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**DEFENDANT  25**
Name: John Doe II
Badge/Shield Number: unknown
Emplyer: Pike County Sheriff Office
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capcities

**DEFENDANT  26**
Name: John Doe III
Badge/Shield Number: unknown
Employer: Pike County Sheriff Office
Address: 1600 Business Highway 54,Bowling Green,Mo.63334
Indivisual and Official Capacities

**Defendant 2**

Name: _(see, DEFENDANTS CONTINUED, attach sheet) Page 1-6_

Job or Title: _____

Badge/Shield Number: _____

Employer: _____

Address: _____

☐  Individual Capacity          ☐  Official Capacity

## II.  Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.  What happened to you?
2.  When did it happen?
3.  Where did it happen?
4.  What injuries did you suffer?
5.  What did each defendant personally do, or fail to do, to harm you?

For Statement Of Facts(see, Attach Page 1-19);

For Claims For Relief and/or Cause Of Action (see, Attach

Page 1-17).

3

**STATEMENT OF FACTS**
(ATTACH PAGE *1* OF *19*)

### MALICIOUS, VINDICTIVE, HARASSING, AND/OR RETALIATORY PROSECUTION: INTRODUCTION.

1. On or about July of 2019, Plaintiff pursued legal action onto various members of NorthEast Correctional Center(hereinafter, NECC) about deprivation of plaintiff's right to medical care.

2. In reference to paragraph 1, plaintiff endured retaliation of an extremely cruel and unusual nature, by the staff at NECC (see, <u>Cook V. Lockhart</u>, no.2:20-cv-00024-SRC, and <u>Cook V. Reddington</u>, no.2:20-cv-00071-SRC, and subsequent litigation).

3. On May 3rd,2022, plaintiff was paroled home to Louisiana, Mo., where plaintiff's spouse(an ex-correctional officer of NECC) had rented a house, specifically for the occasion of plaintiff's parole.

4. In reference to paragraph 3, Plaintiff's residence was located in Louisiana, Missouri(a apart of Pike County and Bowling Green Missouri, where NECC prison resides...).

5. On or about June 20th,2022, plaintiff had a disagreement with the nextdoor neighbors, Rebecca Lawson(hereinafter, Becky) and her husband, Corey Anderson(hereinafter, Corey- an ex-officer of Louisiana and Pike County Sherriff Offices).

6. In reference to paragraph 5, Corey was a corrupt cop who had been terminated for continued misconduct on duty(upon information and belief) and is related to Major,Anderson of NECC.

7. On or about June 20th,2022, Louisiana Officer, Robert Embly (hereinafter, officer,Embly) and five Pike County Sheriff deputies(hereinafter, the Pike Co. Crew) *(1)* was sent to plaintiff's home over the disagreement with Corey and Becky; in which,they attempted to arrest plaintiff, but no crime had been committed.

**STATEMENT OF FACTS**
(ATTACH PAGE _2_ OF _19_)

8.  In reference to paragraph 7, officer,Embly was last to leave plaintiff's residence because he stayed back to threaten the plaintiff by telling him "you better get the fuck outta Pike County".

9.  Later that 20th day of June, Corey had a conversation with plaintiff's spouse(hereinafter, A.S.)in which he was quoted saying "your boyfriend better be careful, because my officers don't play fair".

10. On June 25th,2022, plaintiff was arrested by officer,Embly and falsely charged with 'Driving While License Revoked'.

11. In reference to paragraph 10, plaintiff was released from the Pike County Jail after a 24 hour hold pursuant to the jail's policy, custom, and/or practice for those suspected of driving while license revoked(similarly situated suspects).
    It should be duly noted, that Pike County Officials could not find anything anywhere in their system that said plaintiff's license to operate a motor vehicle was revoked.

12. On June 28th,2022, Pike County Prosecuting Attorney, Alex Ellison(hereinafter, prosecutor,Ellison and/or the state)requested and received a warrant for plaintiff's arrest on the driving while revoked charge(hereinafter, DWR) because prosecutor,Ellison wanted plaintiff to pay a ten-thousand dollar 'cash only' bond, and wear  a gps monitor.

13. In reference to paragraph 12, Pike County Associate Judge,Milan Berry(hereinafter, judge,Berry) approved the warrant and request for plaintiff to pay a ten-thousand dollar bond, with court ordered gps monitoring stipulations.

## STATEMENT OF FACTS
(ATTACH PAGE _3_ OF _19_)

14.  On or about June 29th,2022, officer,Embly followed  plaintiff
     home and arrested plaintiff on the warrant.

15.  While in custody of the Pike County Jail, plaintiff had contin-
     ued problems with the inmates that were from Louisiana,Mo.,and
     knew Corey and Becky.

16.  In reference to paragraph 15, plaintiff posted bail before any
     incidents had transpired.

17.  Through-out the months of June and July of 2022, plaintiff had
     continued problems with Corey, Becky, and their many friends
     through-out the Louisiana/Pike County community, who were fili-
     ng false police reports and threaten plaintiff with violence.

18.  On or about July 20th,2022, plaintiff encountered Becky and a
     group of her friends, who had followed plaintiff to the gas
     station.

19.  In reference to paragraph 18, plaintiff was approached by two
     males(Blake Sutton, and one unidentified), Becky, and a small
     group of females who told plaintiff that he'd "better get the
     hell out of their neighborhood, or else."

20.  In reference to paragraph 19, plaintiff heard Becky state "it
     don't matter, because my husband knows the prosecutor. He'll
     be gone, oneway or the other".

21.  Through-out the months of June and July of 2022, the Pike Co.
     crew and officer,Embly came to plaintiff's residence approxim-
     ately five times, attempting to arrest plaintiff, because  of
     false police reports/calls made by Becky, Corey, and their fri-
     ends in the community(Amy Kerr, Amyiah Miller, Falisha Bouedr-
     aeu, Blake Sutton). **(2)**

### STATEMENT OF FACTS
(ATTACH PAGE 4 OF 19)

22.  In reference to paragraph 21, no arrest was made because   the
     plaintiff was on gps monitoring, which showed that plaintiff
     had not left the house on either of those occasions.

23.  Eventually, plaintiff got the okay from his parole officer to
     relocate to St.Louis in order to avoid problems with the comm-
     unity of Louisiana, Missouri.

24.  While in St.Louis, plaintiff's spouse was hospitalized   with
     his car keys and the charger to the gps monitor with her.

25.  On July 28th,2022( one day before plaintiff was to appear   in
     court for a bond hearing(about the gps going dead), prosecutor,
     Ellison requested and judge,Berry approved a warrant   for pla-
     intiff's arrest; even though, plaintiff maintained daily comm
     unication with his parole officer and the gps officer.

26.  In reference to paragraph 25, the warrant had a bond for  cash
     only amount of fifty-thousand dollars, for the DWR charge.

27.  On August 4th,2022, plaintiff made a complaint with the Pike
     County Sheriff Office because officer,Embly and the Pike  Co.
     crew had come by his residence three times to arrest plaintiff
     on the warrant, while A.S. was outfront talking with the owner,
     and resulting in plaintiff and A.S. being evicted.

28.  Later that August 4th,2022, officer,Embly and the Pike Co.crew
     kicked down plaintiff's frontdoor and arrest plaintiff and A.
     S., in response to the complaint they made.

29.  On or about August 7th,2022, plaintiff appeared infront   of
     judge,Berry for a preliminary hearing and was told by counsel
     that prosecutor,Ellison threatened to pick up three additional

## STATEMENT OF FACTS
(ATTACH PAGE _5_ OF _19_)

felony charges(for lost gps equipment) and enhance them,    if
plaintiff did not waive his preliminary hearing.

30.  In reference to paragraph 29, plaintiff did not waive    his
preliminary hearing, resulting in continued fear and frustrat-
ion of looming additional charges.

It should be duly noted, that the additional felony charges
that prosecutor,Ellison continued to threaten plaintiff with
were not apart of the gps monitor contractual agreement,which
only mentioned reimbursing of lost property.

### INTENTIONAL FAILURE TO PROTECT

31.  On or about September 12th,2022, plaintiff was approached  by
an inmate who informed plaintiff that officer,Embly  had just
arrested him and talked to jail staff about releasing him, if
the inmate would go inside the Pike County jail and"shut Cook
up".

32.  In reference to paragraph 31, that inmate signed a declaration
stating that these statements are true.

33.  On or about September 12th,2022, plaintiff complained to staff
at the jail that he feared for his safety.

34.  On or about September 12th, 13th, 14th, and 15th of 2022, pla-
intiff continued to complain to staff and file grievances  to
be moved to a different pod in the jail, because he feared for
his life after being threatened.

35.  In reference to paragraph 34, all of plaintiff's grievance and
complaints to be removed for safety and security were denied  by
the jail's administration and/or office managers, Charolette,
and Corina Chalbach.

**STATEMENT OF FACTS**
(ATTACH PAGE 6 OF 19)

36.    On or about September 15th,2022, plaintiff  was attacked insi-
       de of his cell and left there unconscious by jailers, Richard
       Utley and Phelps, after a weapon was removed from the cell.

37.    Later that 15th day of September 2022, plaintiff awoke  naked
       inside of his cell, where he believes he was sexually assualt-
       ed by his attacker.

38.    In reference to paragraphs 36 and 37, plaintiff was not remov-
       ed from the cell after the first attack, because Corina    said
       not to move him, no matter what(upon information and belief).

39.    In response to paragraph 38, all of plaintiff's grievances and
       grievance appeals were ignored and/or unanswered by the Sheriff
       of the Pike County Sheriff Office, Stephen Korte.

**ABUSE OF THE LEGAL PROCESS**
40.    On or about September 19th,2022, plaintiff appeared infront of
       Circuit Judge, Patrick Flynn for a bond hearing on the  charge
       of DWR, and was read an additional charge of 'possession    or
       delivery to an institution'(hereinafter, the possession/deliv-
       ery charge) that plaintiff was never informed of.

41.    In reference to paragraph 40, plaintiff's bond reduction requ-
       est was denied, but a change of venue was granted and the DWR
       charge was sent to Ralls County.
       It should be noted, that the possession/delivery charge    just
       had appeared on the trial courts docket, without arriagnment,
       indictment, or any formal proceedings.

42.    On October 4th,2022, plaintiff's request for a bond reduction
       of the fifty-thousand dollar 'cash only' bond was granted  at
       a court appearance in Ralls County, via video court.

## STATEMENT OF FACTS
(ATTACH PAGE 7 OF 19)

43. At the hearing on October 4th,2022, plaintiff asked prosecutor
    Ellison if there were any pending holds or charges that would
    interfer with plaintiff's release if the bail was posted.

44. In reference to paragraph 43, prosecutor,Ellison replied that
    he still had the gps charges across his desk until he 'figured
    out what to do with them', but there were no other charges  or
    holds that would interfer with plaintiff's release if bail was
    posted, and plaintiff should be released.

45. After the hearing on October 4th,2022, plaintiff asked deputy,
    Martin if there were any pending holds or charges that would
    interfer with his release if he posted bail; specifically, ex-
    plaining that plaintiff's spouse would be given twenty-five
    hundred dollars to a bondsman and wasn't guaranteed a refund.

46. In reference to paragraph 45, deputy,Martin replied that 'per
    policy' he couldn't do a mules check until after the bail was
    posted, but deputy,Martin stated that he knew of no other hold
    or charges that would interfer with plaintiff's release.

47. At approximately seven o'clock pm, A.S. came to the jail  to
    post plaintiff's bail and was pulled into the conference room and
    interrogated, making her miss the bondsman and causing fear
    and frustration.

48. Eventually A.S. did find the bondsman and the two came back to
    the jail to post plaintiff's bail, again.

49. At approximately eight o'clock, on that 4th day of October,
    plaintiff was called into the jail's hallway and told by depu-
    ty,Pliler that "your bails been paid, but you can't go anywhere
    because you have a twenty-four hour hold for a possession/deli-

**STATEMENT OF FACTS**
(ATTACH PAGE $\underline{8}$ OF $\underline{19}$)

very charge, dating back to September 16,2022".

50.  In reference to paragraph 49, plaintiff inquired into the allegations but deputy,Pliler knew nothing else, so deputy, Martin was called, but gave plaintiff no explaination.

51.  That October 4th,2022 night, plaintiff continued to inquire into the allegations and why he was not being released, when three more deputy sheriffs came into the jail's hallway.

52.  In reference to paragraph 51, plaintiff asked deputy,Harrison about why he was not being released, and deputy,Harrison ran violently towards plaintiff and attacked plaintiff with a combination of punches to plaintiff's face.

53.  In reference to paragraph 52, plaintiff was eventually tackled to the ground by all five deputies, in which, he suffered real severe injuries to the neck, back, and groin region.
     It should be noted that plaintiff was continually denied access to medical care for his injuries.

54.  On October 5th,2022, plaintiff was served an arrest warrant on the possession/delivery charge, and a subsequent warrant for 'resisting arrest and assualt on law enforcement'.

55.  In reference to paragraph 54, deputy,Martin and the participating deputies all wrote false police reports, making it seem as if plaintiff was the aggressor, resulting in more charges.

56.  Plaintiff immediately requested legal representation by filing out the institution provided forms.

57.  On or about October 12th,2022, plaintiff appeared infront of judge,Berry, who told plaintiff that he could not receive the

## STATEMENT OF FACTS
(ATTACH PAGE _9_ OF _19_)

assistance of the public defender office because the public defenders refuse to represent plaintiff.

58. In reference to paragraph 57, plaintiff's motions were denied, along with all of plaintiff's request and/or questions to be properly informed on what was going on, was all responded by judge,Berry handing plaintiff two additional warrants for his arrest for harassment allegations dating back to June and July of 2022, when Becky, Corey, and their friends in the community were filing false police reports on plaintiff.

59. In reference to paragraph 58, plaintiff also filed complaints about these neighbors harassing him and threatening him with violence, but these complaints were never prosecuted. (3)

60. On the October 12th,2022 hearing, plaintiff was given a date for a preliminary hearing set for November 2nd,2022.

61. On or about October 14th,2022(two days after hearing ,prosecutor,Ellison allegedly procurred an indictment on all of the new charges.

62. On or about October 20th,2022, plaintiff was visited by his parole officer, who recommended revocation of plaintiff's parole, due to the sudden rush of accumulated charges.

63. In reference to paragraph 62, plaintiff was informed by his parole officer that deputy,Martin contacted her and assured her that the contraband he found in the jail's parking garage belonged to plaintiff, and that plaintiff had indeed acted out of aggresion and attacked the officers in the jail's hallway.

64. On October 24th,2022(ten days after being indicted),plaintiff

STATEMENT OF FACTS
(ATTACH PAGE _10_ OF _19_ )

appeared infront of judge,Patrick Flynn for a unscheduled pre-
trial hearing that plaintiff was never informed of and/or made
aware of because plaintiff was waiting on the preliminary hea-
ring that was scheduled for November 2nd,2022.

65. At the October 24th,2022 hearing, plaintiff objected to all of
the proceedings as a violation of his rights to 'due process
and a speedy trial'.

66. At the October 24th,2022 hearing, plaintiff was informed by
judge,Flynn, that the record showed plaintiff had waived his
right to counsel.

67. In reference to paragraph 66, plaintiff informed the judge that
he did not waive his right to counsel; infact, plaintiff had
continually requested counsel from the public defender office,
but was being denied.

68. In reference to paragraph 67,(public defender)Tamra Lucas(here-
inafter, counsel,Lucas) approached the bench and attempted to
explain that plaintiff was not receiving representation from
the public defender office because plaintiff had filled out a
defective form.
It should be duly noted that counsel,Lucas had been present in
the courtroom on all of plaintiff's appearances and allowed
plaintiff to go through the proceedings unrepresented and/or
unaware of everything that has taken place.

69. At the October 24th,2022 hearing, judge,Flynn set the case back
for arraignment, and plaintiff was given another form to request
representation from the public defender office; in which, he

**STATEMENT OF FACTS**
(ATTACH PAGE _11_ OF _19_)

filled out inside the courtroom, that day.

It is worth noting that every attorney that plaintiff has had
has either withdrew from the case or intentionally failed to
perform at the minimum standard requirement of the A.B.A.

70.  In reference to paragraph 69, a public defender was subsequently
assigned to represent plaintiff.

71.  On October 25th,2022, plaintiff received an envelop marked
'LEGAL MAIL' that was opened outside of plaintiff's presence.

72.  In reference to paragraph 71, the letter was from the 45th Ju-
dicial Circuit Public Defender Office, and it stated that the
reason plaintiff was not receiving representation from their
office was because plaintiff had hired an attorney before (in
another caes).

73.  On October 24th,2022,  counsel,Lucas was seen at the Pike County
Jail where plaintiff's legal mail was opened, outside of his
presence.

74.  On November 2nd,2022, plaintiff was brought infront of judge,
Berry for his scheduled preliminary hearing, and was told by
the judge, that the preliminary hearing was cancelled because
the charges were dismissed.

75.  In reference to paragraph 74, the charges were dismissed by
prosecutor,Ellison in order to be added to the possession/del-
ivery charge, as if the two incidents were one.

76.  On November 9th,2022, plaintiff appeared infront of judge,Flynn
and made several objections to the proceedings, because he had
not been provided with the appropriate documents in order to

**STATEMENT OF FACTS**
(ATTACH PAGE _12_ OF _19_)

make an intelligent plea and/or objection(s).

77.  In reference to paragraph 76, plaintiff requested that counsel, Tasia Meglio(hereinafter, counsel,Meglio) make the objections, and arguements for plaintiff's due process and speedy trial rights, but counsel,Meglio told plaintiff that she didn't know how to argue plaintiff's due process rights and that plaintiff would need to talk to his assigned public defender in order to make that arguement, because she was only his assistant.

78.  In reference to paragraph 77, plaintiff eventually received a visit from his assigned public defender, Mark Jacob; in which, plaintiff was informed that counsel,Jacobs would not be able to assist plaintiff in preparing a defense because counsel would be moving on to be a judge and plaintiff would receive a different counselor.

79.  All of plaintiff's attempts at preparing a defense and presenting his motions, objections, and/or arguements to the court, were hindered by ocunsel,Meglio and the public defenders.

80.  On November 9th,2022, plaintiff requested that counsel,Meglio request a speedy trial was denied by counsel,Meglio, who stated that this judge(Flynn) would start trial immediately if you request a speedy trial, and we're not ready...we haven't even received discovery.

81   In reference to paragraph 80, counsel,Jacobs filed for discovery in October of 2022, and plaintiff filed a motion to compel discovery in December of 2022, and still has not received  any documents pertaining to the charges.

**STATEMENT OF FACTS**
(ATTACH PAGE_13_OF_19_)

82.  During the months of January, Febuary, and March of 2023, the
     plaintiff has made several attempts to contact counsel,Meglio
     and counsel,Christopher Terrell, but these counsel have been
     estemely evasive by not returning plaintiff's calls, e-mails,
     messages, nor letters; and not returning communication from
     plaintiff's family.

83.  On February 27th,2023, plaintiff was brought to court for a
     pre-trial hearing, and was represented by counsel,Meglio, as
     assistant to plaintiff's new counsel,John Doe.

84.  At the February 27th hearing, plaintiff requested that his
     motions be heard and was responded by counsel,Meglio avoiding
     him until plaintiff was called upon to plea; in which, led to
     a brief exchange at the judge's poduim of plaintiff and counsel
     Meglio disagreeing upon strategy, because counsel,Meglio had
     not read plaintiff's motions, resulting in the motions not
     being able to be heard, again.

85.  That February 27th,2023 day at court, plaintiff was served with
     another charge of possession or delivery to an institution, for
     allegations that plaintiff was not aware of.

86.  That 27th day of February, prosecutor,Ellison stated that plai-
     ntiff had been grand jury indicted on the new charge, and cou-
     nesl,Meglio handed plaintiff indictment papers from the previ-
     ous charges; in which, plaintiff made the proper objection to.

87.  In reference to paragraph 86, prosecutor,Ellison then recanted
     his statement about the grand jury indictment, resulting in
     the arraignment being pushed back, again.

     It should be noted that plaintiff filed 'A Request For Speedy

**STATEMENT OF FACTS**
(ATTACH PAGE _14_ OF _19_)

Disposition Of Detainer' in January of 2023.

88. On or about April 3rd, 2023, plaintiff was brought to court
on the new charge and counsel,Meglio stated that she was now
assigned to be plaintiff's public defender, which, plaintiff
was confused about and led to disagreement, resulting in coun-
sel,Meglio requesting plaintiff to fire her.

89. In reference to paragraph 88, plaintiff refused to ask the
judge to fire counsel,Meglio, because it would only create a
longer wait, which, has proven to be of no avail, because none
of the counselors assigned to plaintiff's case(s) had performed
at the minimum standard required by the Bar Association.

90. At the April 3rd hearing, counsel,Meglio stated to the judge
that plaintiff had been before the court on an initial appear-
ance; which, plaintiff again objected, because that information
was false.

91. At the April 3rd hearing, plaintiff and counsel,Meglio contin-
ued to disagree, because plaintiff believed the information
counsel,Meglio was offering was convering up for the prosecut-
ion and/or her failure to represent plaintiff adequately.

92. In reference to paragraph 91, counsel,Meglio had suddenly went
from assistant on plaintiff's case(s), to assigned counsel,and
has continue to deny plaintiff's request for discovery material
and other evidence used by the prosecution for indictment and
trial, and has continually failed to communicate with plaintiff
and inform him on the updates of the case(s).

It should be noted that this has not been an isolated incident,
and has continued by every public defender assigned to plaintiff.

### STATEMENT OF FACTS
(ATTACH PAGE *16* OF *19*)

## UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

93. During the months of November and December of 2022, plaintiff was being housed in a holding cell at the Pike County Jail, due to continued conflicts with the inmate population.

94. In reference to paragraph 118, these 'conflicts' were believed to be sanctioned by deputy,Martin and Corina.
It should be duly noted, that Corina was an employee at NECC at the time plaintiff was suffering from retaliation; as well as, multiple staff and administration personel, at the jail.

95. During the months of November and December of 2022, plaintiff was forced to sleep on the floor of a holding cell, where there was no running water, and staff(deputy,Martin and Corina) would cut the air-conditioning on, while the rest of the facility had steaming hot heat.

96. In reference to paragraph 95, plaintiff repeated made request and filed grievance because staff members refused to cut    the heat on, in plaintiff's cell only.

97. During the months of November and December of 2022, plaintiff continually requested to Corina, deputy Martin, Charolette, and various other staff members to cut the heat on and/or move  him to a habital environment.
It should be noted that there was an available cell right next-door to plaintiff the entire time (a medical cell), with bunks, heat, and running water, but plaintiff was not allowed to move there; even though, plaintiff made plenty request.

98. In reference to paragraph 97, plaintiff made request to move to

**STATEMENT OF FACTS**
(ATTACH PAGE _16_OF _19_)

99. Corina, deputy Martin, Charolette(office manager), and various
    other staff members, who all said that the decision to move or
    keep plaintiff in that cell was up to Corina and Charolette.

100. In reference to paragraph 99,  plaintiff suffered from pains,
    fear, frustration, freezing cold tempatures that resulted  in
    continued sickness, anxiety, and emotion distress from being
    housed inside of a holding cell (that was meant for 24-hour ho
    lding),for approximately one-month and a half.

**DENIAL OF MEDICAL TREATMENT**

101. During the months of August 2022 through-out December of 2022,
    plaintiff made plenty of request for medical treatment    that
    was continually denied by nures,Debby Whelch(hereinafter,nurse
    Welch) and doctor, Alan Weaver(hereinafter. dr.Weaver).

102. In reference to paragraph 101, plaintiff made continued request
    for treatment for his hemorrhoids, and previously prescribed
    medication, that was continually denied by dr.Weaver and nurse
    Welch, during plaintiff's stay at the Pike County Jail.

103. In reference to paragraph 102, plaintiff had his medications
    delivered to the jail (ointments, suppositories, fiber tablets)
    and explained to nurse, Welch that plaintiff's condition  was
    worsening, due to not having his medications.

104. In reference to paragraph 103, nurse,Welch and dr.Wearver cont-
    inued to deny plaintiff medication and access to treatment.

105. On or about October 6th,2022, plaintiff saw nurse,Welch  for
    severe neck, back and grion pain (which resulted from the ass-
    ault of plaintiff by staff, on October 4th,2022).

**STATEMENT OF FACTS**
(ATTACH PAGE_17_OF_19_)

106. In reference to paragraph 105, nurse,Welch diagnosed plaintiff
     with an injury and swelling in the neck and back, and prescribed
     plaintiff tylenol.

107. In reference to paragraph 106, plaintiff never received tylenol
     prescribed by nurse Welch.

108. Through-out the month of October 2022, plaintiff made multiple
     request for medical treatment and prescribed medication, orally
     and by grievance and grievance appeal.

109. In reference to paragraph 108, all of plaintiffs complaints and
     request were denied and/or ignored by staff at the facility.

110. On or about February 20th,2023, plaintiff was diagnosed with a
     stomach infection (H.Pylori), and began treatment by antibiotic.

111. In reference to paragraph 110, plaintiff was told by the doctor
     at Fulton Prison, not to stop taking the medication because the
     body would become immune and the treatment would not work.
     It should be noted that H.Pylori is a serious medical condition
     that causes pain, discomfort, ulcers in the stomach and intest-
     inal track, ect.

112. On or about February 24th,2023, plaintiff was transferred to
     Pike County Jail(for court) with a prescription for  H.Pylori
     treatment; in which, Pike County Jail Officials would have  to
     get filed.

113. In reference to paragraph 112, deputy Martin said the plaintiff
     could not receive his treatment, because dr.Weaver would not
     approve the prescription·

114. In reference to paragraph 113, plaintiff's treatment for H.Pylori

**STATEMENT OF FACTS**
(ATTACH PAGE 18 OF 19)

was unsuccessful, causing plaintiff continued pain, suffering, and emotional distress.

115. On or about February 24th,2023, plaintiff was again placed into c-pod with inmate Dylan (a noted enemy of plaintiff's).

116. In reference to paragraph 115, deputy Martin was seen outside of inmate Dylan's cell, having a conversation with Dylan.

117. Later that night of February 24th,2023(on or about), plaintiff and Dylan had another altercation, because Dylan was spotted wearing a shirt covering his face and watching plaintiff (as if he was waiting to attack).
    It should be noted that this incident was not reported, but it should be available, per camera footage of the pod.

118. On or about October 17th,2022, plaintiff pleaded with defendant Welch to see him, because he was in so much pain from the assault of the deputies that plaintiff had to urinate in a cup because he couldn't get out of bed.

119. In reference to paragraph 118, Defendant Welch refused  to  see plaintiff, but made a showing of seeing everyone else inside of plaintiff's pod that had a medical complaint.

120. On or about October 20th,2022, plaintiff saw nurse Welch in the jail's hallway and asked why she has not yet called him out for sickcall, and defendant Welch admitted that she was not going to see plaintiff at all.

121. At no time during plaintiff's stay at the Pike County Jail did plaintiff see a doctor for his condition and/or injuries.

122. At no time during plaintiff's stay at the Pike County Jail did

### STATEMENT OF FACTS
(ATTACH PAGE *19* OF *19* )

plaintiff receive a hearing to determine his indigence or    his

ability to pay the bail.

123. At no time during the course of any of the multiple prosecutions

has plaintiff received discovery and information about indictm-

ents, regardless of plaintiff's motions and many attempts.

124. Pike County has a policy, practice, custom, and/or procedure of

not giving inmates notice of pending warrants and/or doing    a

mules check, until the inmate post bail.

125. In reference to paragraph 124, this policy, practice, custom,

and/or procedure led to plaintiff being harassed by deputies,

and is responsible for the injuries that plaintiff sustained,as

well as the actions of these deputies.

---

(1) The following deputies make up the Pike Co. crew: William Harri-
son; Steve Kolthoff; John Doe I; John Doe II; John Doe III;

(2) It should be duly noted that an emergency 911 call from plaintiff
area in Louisiana, Missouri is forwarded to the Louisiana Police Depa-
rtment, not to the Pike County Sheriff Office;

(3) Plaintiff also  filed a complaint with the NAACP and attempted to
forward the complaint against defendants Berry, Ellison, Embly and the
Pike Co. crew to the Offic Of Chief Disciplinary Counsel, but it  was
mailed to the State troopers instead.

   It should be duly noted that Defendant Embly was subsequently
relieved of his duty and/or resigned from his duties as law enforcement
due to an investigation involving the Chief Of Louisiana Police, which
implemented defendant Embly and the chief, alleging they were involved
selling drugs and an overdose, resulting in someone dieing inside   of
the chief's residence, where defendant Embly was located at the time.
   The new chief of Police for Louisiana is Corey Anderson,defendant.

### CLAIMS FOR RELIEF

126. Plaintiff reincorporates paragraph 1-125 as if it were stated

here within.

## CLAIMS FOR RELIEF
(ATTACH PAGE _ OF _)

### A. DUE PROCESS

127. Defendants Lawson, Anderson, Kerr, Beaudreau, Sutton(hereinafter, The Community), and law enforcement: officer, Embly; deputies, Steve Kolthoff, William Harrison, John DoeI, II, and III (the Pike Co. crew) violated plaintiff's Due Process right(s) protected by the fourteenth Amendment to the U.S. Constitution by: acting in furtherance, concert, participation, and/or association with a conspiracy to harm, harass, intimidate, and/or threaten plaintiff with loss of life, liberty, and property; continuing to meet at Lawson and Anderson's residence and filing false police reports, statements, criminal charges and allegations against plaintiff; threatening plaintiff with violence and arrest; unlawfully invading plaintiff's residence without a search warrant and in retaliation for plaintiff making complaints.

128. In reference to paragraph 127, the actions of defendant Lawson, Anderson, Kerr, Beaudreau, Sutton, Embly and the Pike Co. crew continued through-out the months of June, July, and August of 2022, and not only shock the conscience, they offend judicial notions of fairness and dignity, and resulted in plaintiff and his spouse being evicted from their home, a negative reputation of plaintiff, loss of plaintiff's business and employment, prolonged incarceration, false criminal charges and prosecution(s), loss of the pursuit of happiness and rehabilitation, as well as, physical , mental, emotional injury.

129. In reference to paragraph 127, these false criminal charges and allegations, if they were to be taken as true, would infringe upon plaintiff's first amendment rights to freedom of    speech

**CLAIMS FOR RELIEF**
(ATTACH PAGE_2_ OF_17_)

and freedom of expression.

130. Defendant Embly violated plaintiff's Due Process rights protec-
ted by the fourteenth Amendment to the U.S. Constitution by:
continuing to harass plaintiff, following him home and threat-
ening plaintiff with violence; falsely arresting plaintiff and
accusing him of driving while license revoked when the evidence
and documents prove that plaintiff's license was not revoked at
the time of the stop; sanctioning jailhouse hits on plaintiff;
lieing and deceiving the courts at plaintiff's preliminary hea-
ring; illegally invading plaintiff's home, causing plaintiff to
be evicted and face criminal prosecution, as well as, physical,
mental, and emotional injury.

131. Defendants Ellison and Berry violated plaintiff's rights to Due
Process protected by the fourteenth amendment to the U.S. Const-
itution, and penetrated any immunities provided to them when
they willfully and maliciously acted in furtherance, concert,
participation, and/or association with a conspiracy to harm and
harass plaintiff.

132. In reference to paragraph 131, defendants Ellison and Berry
willfully and intentionally: misapplyed provisions and statutes;
failed to perform indigency and ability to pay hearings before
sanctioning court orders, fees, and bonds; intentionally delayed
probable caues determinations, commencement of prosecution, and
indictments in order to gain an advantage over the plaintiff;
intentionally with-held discovery material, evidence, documents;
denied plaintiff counsel; intentionally impaired plaintiff's

**CLAIMS FOR RELIEF**
(ATTACH PAGE _3_ OF _17_)

ability to prepare a defense; denied plaintiff fair notice of the charges pending and speedy trial rights; refused plaintiff attempts to submit motions, defense strategy, and objections to the prosecution; and/or intentionally utilized the legal system to harm and harass plaintiff.

133. In reference to paragraph 132, defendants Ellison and Berry actions and/or inactions shock the conscience and offends judicial notions of fairness and dignity, and caused plaintiff physical, mental, emotional, social, and financial injury, as well as,the threat of irreparable injury from having to defend against the continued and multiple prosecutions.

134. Defendants Martin, Chalbach, Korte, Jane Doe(Charolette), Utley, Phelps, Williams, Kolthoff violated palintiff's rights to Due Process' protected by the fourteenth amendment to the U.S. Constition when they acting in furtherance, concert, participation, and/or association with a conspiracy to harm, harass, intimidate, and/or threaten plaintiff's safety, during his stay at the Pike Co. Jail by: holding plaintiff under unconstitutional conditions of confinement; failing to protect plaintiff from jailhouse violence; intentionally failing to get probable cause determination before extending restriants on plaintiff's liberty; assaulting plaintiff; failtng to give plaintiff notice of pending charges and allegations; making false reports, statements, and documents; housing plaintiff in a cold cell in mid winter and intentionally refusing to cut the heat on; using unlawful, unreasonable, and unnecessary force, causing plaintiff severe physical, mental,

## CLAIMS FOR RELIEF
(ATTACH PAGE 4 OF 17)

emotional injury, as well as, extended restriants upon plainti-
ff's liberty, and a violation of his parole.

135. The actions and/or inactions of the defendants Martin, Chalbach,
Korte, Jane Doe(Charolette), Utley, Phelps, Williams, Kolthoff
shock the conscience and offends judicial notions of fairness
and dignity, resulting in multiple injuries towards plaintiff
and multiple prosecutions, as well as, physical, mental, emotio-
nal, social, and financial injury.

136. Defendants Meglio, Terrell, Lucas violated plaintiff's right to
Due Process protected by the fourteenth amendment to the U.S.
Constitution when they acted in furtherance, concert, particip-
ation, and/or association with a conspiracy to deprive plaintiff
of adequate legal representation, and/or to harm, harass, inti-
midate, and/or threaten plaintiff by: intentionally failing  to
communicate with plaintiff and keep him informed about the sta-
tus of the case;impeded and impairing plaintiff's defense  and
right to a fair trial; withholding discovery material, evidence,
and indictment documents; failing to reply to plaintiff's requ-
est for documents, concerns, letters, e-mails, phonecalls from
his family and friends; lieing and deceiving plaintiff and the
courts about the representation, hearings, and status of  the
case; and refusing to represent plaintiff, causing his motions,
attempts at a defense, and objections to the prosecution to go
unheard and/or ignored.

137. In reference to paragraph 136, Defendants actions and/or inact-
ions were willful and intentional and shock the conscience and

## CLAIMS FOR RELIEF
(ATTACH PAGE 5 OF 17)

offends judicial notions of fairness and dignity, causing   the plaintiff prolonged and unreasonable incarceration and unlawful detention; a violation of plaintiff's parole; failure to   have plaintiff's claims, arguements, motions, pleadings heard before the court, and resulted in mental and emotional injury, as well as, extended restraint on plaintiff's liberty.

138. Defendants Weaver, Welch, Korte, Martin, Chalbach, Phelps,Utley, Kolthoff, Harrison violated plaintiff's Due Process rights prot- ected by the fourteenth amendment to the U.S. Constitution when they acted in furtherance, concert, participation, and/or assoc- iation to a conspiracy to deny and deprive plaintiff of medical care for his serious medical needs; denied medications and/or treatment for his serious medical needs and injuries; for fail- ing to protect plaintiff from inmate assaults; using excessive and unnecessary force against plaintiff; ignoring and/or refus- ing to respond to plaintiff's complaints, grievances, request; causing plaintiff physical, mental, emotional injury to continue and/or with intentions to harm and harass him.

139. In reference to paragraph 138, these complaints, grievances,and request were continually communicated to defendants Welch,Korte, Chalbach, Martin, and/or Weaver through the institutions  kiosk system, verbally, and in writing, and these defendants continued to fail to provide medical treatment, protection from inmate assaults, adequate living conditions, intentionally to harm and harass plaintiff, causing plaintiff continued physical, mental, emotional injury.

### CLAIMS FOR RELIEF
(ATTACH PAGE 6 OF 7)

**B.EQUAL PROTECTION**

140. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

141. Defendants Embly and the Pike Co. crew violated plaintiff's rights to Equal Protection of the law protected by the fourteenth amendment to the U.S. Constitution by: intentionally failing to investigate plaintiff's complaints of harassment, threats of violence and false arrest against the community and these public officials; treating plaintiff differently from his neighbors in the community and/or others similarly situated; and falsely arresting plaintiff on these complaints and allegations when others inside the community didn't suffer the same fate.

142. In reference to paragraph 141, the actions and/or inactions of defendants Embly and the Pike Co. crew were motivated by spite and an effort to harm, harass, threaten, and/or intimidate plaintiff for reasons wholly unrelated to any legitimate state objective, and caused plaintiff physical, mental, emotional,and social injury, as well as, a loss of liberty and property.

143. Defendants Ellison and Berry violated plaintiff's rights to Equal Protection Of The Law protected by the fourteenth amendment to the U.S. Constitution by: continuing to issue unreasonable and unnecessary warrants for plaintiff's arrest; subjecting plaintiff to unreasonable court orders, bonds, sanctions; intentionally misapplying statutes and provisions in order to enhance the penalty of the charges; threatening plaintiff with multiple prosecutions, and commencing multiple prosecutions against him,; denying plaintiff due process and a fair trial (intentionally);

## CLAIMS FOR RELIEF
(ATTACH PAGE 1 OF 7)

refusing plaintiff's attempts at a defense, motions, and objections to the prosecution, and denying him counsel; intentionally delaying probable cause determination and/or preliminary hearing when other defendants in the 45th judicial circuit or similarly situated defendants did not suffer the same treatment.

144. In reference to paragraph 143, defendants Ellison and Berry actions and/or inactions were outside the scope of their normal judicial function as judge and prosecutor, and were motivated by a spiteful effort to harm, harass, intimidate, retaliate, and/or threaten plaintiff for reasons wholly unrelated to any legitimate state objective, and caused unlawful and illegal restraints upon plaintiff's liberty, as well as physical, mental, emotional, and financial injury to plaintiff.

145. Defendants Chalbach, Weaver, Welch, Martin, Korte, Charolette violated plaintiff's rights to Equal Protection Of The Law by: intentionally and willfully denying plaintiff medical care for his serious medical needs and medications; failing to investigate plaintiff's complaints, request, grievances; failing to protect plaintiff from inmate assaults; sanctioning jail house hits on plaintiff; denying plaintiff visiting privileges when other inmates at the Pike County Jail and/or others similar situated didn't suffer the same fate as plaintiff.

146. In reference to paragraph 145, the actions and/or inactions of the defendants Chalback, Korte, Charolette, Martin, Weaver, and Welch were motivated solely by spiteful efforts to harm, harass, intimidate, retaliate, and/or threaten plaintiff for reasons

**CLAIMS FOR RELIEF**
(ATTACH PAGE _8_ OF _/7_)

wholly unrelated to any legitimate state objective and caused
plaintiff pain, suffering, emotional distress to continue.

147. Defendants Terrell, Meglio, Lucas violated plaintiff's rights
to Equal Protection protected by the fourteenth amendment  to
the U.S. Constitution by: refusing to represent plaintiff and
to assist in the preparation of a defense for him; intentionally
evading plaintiff's correspondence, letters, e-mails, request
for legal status of the case; withholding discovery material;
lieing and deceiving plaintiff and the courts about plaintiff's
case and status of the case; intentionally mistreating plaintiff
and/or treating plaintiff differently from other clients and/or
others similarly situated to plaintiff, and there was no ratio-
nal basis for difference in treatment.

**C. ILLEGAL SEARCH AND SEIZURE**
148. Plaintiff reincorporates paragraph 1-125 as if they were stated
here within.

149. Defendants Embly and the Pike Co. crew violated plaintiff's ri-
ght to be free from illegal and unlawful search and seizure when
they kicked in plaintiff's frontdoor without a search warrant,
and arrested plaintiff and his spouse, in retaliation for them
making complaints about these law enforcement; and by    falsely
arresting plaintiff and charging him with driving while revoked
when plaintiff's license to operate a motor vehicle was not  in
a state of revocation.

150. Defendants Martin, Ellison, Chalbach, Phelps, Kolthoff, Harrison
violated plaintiff's right to be free from illegal search and/or

## CLAIMS FOR RELIEF
(ATTACH PAGE _9_ OF _17_)

seizures when they intentionally refused to release plaintiff
after his bail was posted, placing illegal restraints on  his
liberty and/or extending these illegal restraints without obtai-
ning a probable cause determination; using unlawful and excessive
force to detain plaintiff; and having no valid warrant for arrest.

### D. CRUEL AND UNUSUAL PUNISHMENT

151. Plaintiff reincorporates paragraph 1-125 as if it were stated
here within.

152. Defendants Ellison and Berry violated plaintiff's rights to  be
free from cruel and unusual punishment protected by the eighth
amendment to the U.S. Constitution by arresting and subjecting,
and detaining plaintiff in lieu of excessive cash only bonds.

153. Defendants Martin, Chalbach, Charolette, Korte violated plaint-
iffs rights to be free from creul and unusual punishment protec-
ted by the fourteenth and/or eighth amendment to the U.S. Const-
itution by continuing to detain plaintiff under unconstitutional
conditions of confinement.

### E.   RETALIATION

154. PLaintiff reincorporates paragraph 1-125 as if it were stated
here within.

155. Defendants Embly and the Pike Co. crew violated plaintiff's rig-
ht to be free from retaliation  and/or to redress the government
actions protected by the first amendment to the U.S. Constitution
when they continued to harass plaintiff and invade his residence,
arresting him and his spouse in response and retaliation    for
making complaints agianst them.

### CLAIMS FOR RELIEF
(ATTACH PAGE_10_OF _17_)

156. Defendants Ellison and Berry violated palintiff's rights to be free from retaliation and/or to redress government actions protected by the first amendment to the U.S. Constitution by utilizing the legal system to harm, harass, intimidate, threaten, and/or retaliate against plaintiff for making complaints against them.

157. Defendants MArtin, Chalbach, Phelps, Utley, Charolette violated plaintiff's right to be free from retaliation and/or to redress goverment actions protected by the first amendment to the U.S. Constitution by utilizing the legal system and extended incarceration to harm, harass, intimidate, threaten, and/or retaliate against plaintiff for making complaints and filing grievances against them.

### F. RIGHT TO EFFECTIVE COUNSEL

158. PLaintiff reincorporates paragraph 1-125 as if it were stated here within.

159. Defendants Ellison, Berry, Meglio, Terrell, Lucas violated plaintiff's right to effective legal representation protected by the sixth amendment to the U.S. Constitution by: intentionally failing to appoint legal counsel for plaintiff; refusing to effectively represent plaintiff and assist in preparing a defense for him; withohlding discovery material and evidence from plaintiff; intentionally evading plaintiff's letters, e-mails, phonecalls from family, legal request, causing plaintiff's motions, request, arguements, and objections to the prosecution to go unheard and ignored, resulting in extended unreasonable incarceration.

## CLAIMS FOR RELIEF
(ATTACH PAGE _11_ OF _7_)

### G. ACCESS TO THE COURTS

160. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

161. Defendants Ellison, Meglio, Terrell, Lucas, Berry violated plaintiff's Sixth Amendment right to Access Of The Courts protected by the U.S, Constitution by: refusing to allow plaintiff  an opportunity to present his claims, defenses, arguements, motions, and/or objections to the prosecution, witnesses, evidence, and/or procedures, resulting in inadequate and/or no available remedies and/or impeded access to the court that prolonged plaintiff's incarceration, causing him mental and emotional injury, and denying plaintiff a fair trial.

162. The city of Pike County, dfendants Ellison, Lucas, Chalbach, and Kotre violated plaintiff's right to Access of the Courts protected by the sixth Amendment to the U.S. Constitution by utilizing and implementing policies, customs, practices, and/or procedures that allowed defendant Chalbach to intercept all legal documents in order to personally deliver them to the prosecutor;  and  by opening and/or allowing plaintiff's mail to be opened outside of his presence, even though, it is clearly marked LEGAL MAIL, destroying plaintiff's defense and/or right to a fair trial.

### H. SPEEDY TRIAL

163. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

164. Defendants Ellison, Meglio, Lucas, Terrell violated plaintiff's right to a speedy trial protected by the Sixth Amendment to the U.S. Constitution by: withholding discovery request; intentional-

## CLAIMS FOR RELIEF
(ATTACH PAGE _12_ OF _7_)

ly delaying hearings, indictments, proceedings; intentionally switching legal representation and/or refusing to provide the legal representation; failing to communicate and/or assist in preparing a defense for plaintiff, causing the statutory time frame for plaintiff to start trial to expire, without any   of the necessary tools for a defense, resulting in prolonged   and extended incarceration, mental and emotional injury.

### I.   FREEDOM OF SPEECH AND/OR EXPRESSION

165. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

166. Defendants Ellison, Berry, Meglio, Terrell violated plaintiff's rights to Freedom Of Speech and/or Expression protected by  the First Amendment to the U.S. Constitution by: intentionally refusing to allow plaintiff to consult with legal counsel; refusing to appoint counsel and/or represent plaintiff; refusing to hear plaintiff's motions, arguements, objections to the prosecution; causing plaintiff unnecessary and unlawful extentions  of incarceration, as well as, metal and emotional injury.

167. Defendants Anderson, Lawson, Kerr, Beaudreau, sutton, Embly and the Pike Co. crew, and Ellison violated plaintiff's rights   to Freedom Of Speech and/or Expression protected by the   First Amendment to the U.S. Constitution by: filing and prosecuting criminal charges and allegations (that, if were to be taken  as true) infringes on plaintiff's freedom of speech and expression, causing plaintiff extended deprivation of liberty, a negative reputation, fear and frustration, as well as, mental, physical

**CLAIMS FOR RELIEF**
(ATTACH PAGE _13_ OF _17_)

and emotional injury.

### J. UNLAWFUL ARREST

168. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

169. Defendants Embly and Ellison violated plaintiff's right to be free from unlawful and illegal arrest protected by Missouri State Law when they continued to arrest plaintiff and/or issue arrest warrants for plaintiff's arrest under statutes and provisions that were intentionally and willfully misapplied, causing plaintiff to be unlawfully detained, resulting in mental,physiccal, and emotional injury.

170. Defendants Embly, Martin, Ellison, Harrison, Kolthoff, Phelps violated plaintiffs right to be free from illegal and unlawful arrest protected by Missouri State Law when they: intentionally arrested and/or placed restraints on plaintiff's liberty without a probable cause determination and/or a warrant for his arrest, resulting in severe physical, mental, emotional injury, as well as, unlawful and unjustified extentions on plaintiff's liberty.

### K. CIVIL CONSPIRACY

171. Plaintirf reincorporates paragraph 1-125 as if it were stated her within.

172. Defendants Lawson, Anderson, Kerr, Beaudreau, Sutton, Embly and the Pike Co. crew, Ellison, Berry, Chalbach, Kolthoff, Phelps, Lucas, Terrell, Meglio,Charolette, Weaver, Welch, Korte, John Doe I, John Doe II, John Doe III violated plaintiff's right to be free of civil conspiracy protected by Missouri State Law by

## CLAIMS FOR RELIEF
(ATTACH PAGE 14 OF 17)

willfully, maliciously, and intentionally acting in furtherance, concert, participation, and/or association with a conspiracy to harm, harass, intimidat, threaten, and/or retaliate against plaintiff, causing plaintiff a loss of liberty, residence, place of business, the pursuit of happiness and rehabilitaion, as well as, mental, physical, emotional, social, and financial injury.

### L.  ASSAULT AND BATTERY

173. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

174. Defendants Harrison, Martin, Phelps, Kolthoff, John Doe I intentionally and willfully violated plaintiff's right to be free from unlawful assaults and/or battery protected by Missouri State Law when they caused plaintiff severe physical, mental, emotional injury from the assaulting and/or battering of him that took place in the jail's hallway, on October 4th, 2022.

### M. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

175. PLaintiff reincorporates paragraph 1-125 as if it were stated here within.

176. Defendants Ellison, Berry, Martin, Chalbach, Kolthoff, Harrison, Weaver, Welch, Phelps, Utley, Embly and the Pike Co. crew intentionally, willfully, and maliciously inflicted emotional distress upon plaintiff in violation of Missouri State Law when they: assaulted and/or battered plaintiff in the jail's hallway; intentionally failed to protect plaintiff from inmate assaults; intentionally denied plaintiff medical treatment for his serious medical needs; denied plaintiff visits with his spouse; force him to live in inhumane conditions; intercepted his legal mail and

**CLAIMS FOR RELIEF**
(ATTACH PAGE _15_ OF _17_)

lied, deceived, manipulated plaintiff and the courts; intention-

ally placed restraints upon plaintiff's liberty; denied charges

and indictment and/or delayed them until they could be used to

harm and harass plaintiff, causing him severe mental, physical,

and emotional injury.

177. Defendants Lawson, Anderson, Kerr, Beaudreau, Sutton, Embly and

the Pike Co. crew intentionally inflicted emotional distress on

plaintiff in violation of Missouri State Law by: continuing to

harm, harass, intimidate, threaten, and/or retaliate against

plaintiff; filing false reports and criminal charges against

plaintiff; spreading false allegations about plaintiff around

the community; resulting in physical, mental, emotional injury,

as well as, fear and frustration, loss of liberty, property, and

the pursuit of happiness and rehabilitation.

178. Defendants Ellison, Berry, Martin, terrell, Meglio violated Mis-

souri State Law by intentionally inflicted emotional distress

upon plaintiff by misusing the legal system,    intentionally

misapplying statutes and provisions; placing unlawful and/or

illegal restraints on plaintiff's liberty; filing false document

and criminal charges; intentionally delaying indictments and/or

formal proceedings; intentionally denying plaintiff legal couns-

el and/or refusing to provide legal representation adequately,

resulting in physical, mental, emotional injury, as well as,

extended restraints on plaintiff's liberty.

### N. FALSE ARREST
179. Plaintiff reincorporates paragraph 1-125 as if it were stated

here within.

## CLAIMS FOR RELIEF
(ATTACH PAGE **16** OF **7**)

180. Defendants Embly and the Pike Co. crew, Martin violated plaint-
iff's right to be free from false arrest protected by Missouri
State Law by falsely arresting plaintiff and continuing       to
arrest plaintiff under false pretense and/or without a warrant
or probable cause determination; and by misapplying   statutes
and provisions intentionally, causing plaintiff severe mental,
physical, emotional injury, as well as, a loss of liberty.

### O. NEGLECT (FAILURE TO PROTECT)

181. Plaintiff reincorporates paragraph 1-125 as if it were stated
here within.

182. Defendants Martin, Chalbach, Phelps, Utley, Kolthoff, Harrison,
John Doe I, Korte owed plaintiff a duty to protect him       from
assaults by inmates and/or by staff.

183. Defendants actions and/or inactions breached that duty by fail-
ing to remove plaintiff from C-pod and from his cell, after
being made aware that plaintiff faced assault and/or was assaul-
ted, resulting in further sexual assault of plaintiff and mental,
physical, emotional injury.

184. In reference to paragraph 183, defendants  breached that duty
by attacking plaintiff inside of the jail's hallway and/or   by
failing to intervene when plaintiff was attacked inside the jail
hallway.

### P. NEGLECT (BREACH OF LEGAL DUTY)

185. Plaintiff reincorporates paragraph 1-125 as if it were stated
here within.

186. Defendants Berry, Ellison, Lucas, Meglio, Terrell violated plai-
ntiff's right under Missouri State Law by breaching a known duty

## CLAIMS FOR RELIEF
(ATTACH PAGE 7 OF 7)

to plaintiff to provide and/or appoint legal representation  to plaintiff adequately.

187. Defendants breached that duty by failing to provide and/or appoint legal representation to plaintiff; withholding discovery; failing to communicate with plaintiff and keep him updated about the status of the matter(s), causing plaintiff mental, physical, emotional injury, as well as, an inability to prepare a defense.

_____

## III.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

For injuries see, INJURIES (attach page 1 — 5 )

**INJURIES**
(ATTACH PAGE / OF 5 )

**THE COMMUNITY**

188. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

189. On or about May 3rd, 2022, plaintiff was released from prison, after serving a fifteen year sentence, and paroled home to Louisiana, Missouri attempting to start a new life with his new spouse, A.S..

190. Plaintiff and A.S. took thirty-thousand dollars that they had saved and invested it into a clothing business and support for this new life that they embarked on.

191. Defendants Lawson, ANderson, Kerr, Beaudreau, Sutton, Embly and the Pike Co. crew  harassing and threatening plaintiff and A.S., filing false reports and criminal charges against plaintiff rui-ned his reputation as a business man and caused problems  with plaintiff and the community, and resulted in plaintiff being sent back to prison for allegations that are not true.

192. Plaintiff lost the entire thirty thousand dollar investment,his business, his relationship, the pursuit of happiness and rehabi-litation, and has been incarcerated for a year, leaving A.S. with two expensive car notes and bills meant for two.

193. Because of the actions of the defendants plaintiff suffers from an inability to sleep, extreme fear and frustration, humiliation, stress, depression, anxiety and doubt about reintergrating back into society, and a fear of law enforcement; in which, he seeks compensatory, punitive damages, and declaratory and injuctive relief immediately.

## INJURIES
(ATTACH PAGE 2 OF 5 )

### PIKE COUNTY JAIL

194. Plaintiff reincorates paragraph 1-125 as if it were stated here within.

195. While at the Pike County Jail, plaintiff endured extreme harass-ment, threats, mistreatment, and assaults(by staff and inmates, who were friends of Lawson, Anderson, and the community).

196. Plaintiff was physically assaulted by an inmate, and had been continually threatened by inmates and staff(and was assaulted by staff), while at the Pike County Jail.

197. Plaintiff has an injury to the right-side of his neck, and has suffered from severe neck, back, and groin injury caused by the assault, which were the results of staff misconduct, as well as, the inactions of Defendant Korte, Chalbach, Charolette, Martin, Phelps, Utley, Embly and the Pike Co. crew.

198. Plaintiff suffers from extreme fear and frustration, mental ang-uish, depression, anxiety, an inability to sleep, which were the results of the defendants actions and/or inactions.

199. The actions of defendants Ellison, Berry, Lucas, Meglio, Terrell, Martin, Chalbach, Embly and the Pike Co. crew, Kolthoff, Phelps, Utley, Anderson, Lawson, Kerr, Beaudreau, Sutton, Korte, Charo-lette(and their inactions) caused plaintiff parole to be revoked and now he is back inside a prison cell, and has to defend agai-nst multiple prosecutions, while being denied adequate counsel, discovery, fair notice of the allegations, hearings, and procee-diings, and/or a fair trial, and all of plaintiff's family ties and associations have been curtailed by their disappointment.

200. The injuries sustained by these defendants are of multiple deme-

**INJURIES**
(ATTACH PAGE *3* OF *5* )

nsions and they supplement injuries of fear, frustration,humili-
ation, stress, depression, mental anguish, truama, emotional
distress that are pre-existing for plaintiff.

201. The injuries to plaintiff's first, fourth, fifth, sixth, eighth,
and fourteenth amendment rights are of multiple demensions, and
are irreparable injuries.

202. The injuries plaintiff suffers from and/or still faces  due  to
multiple prosecutions are irreparable injuries and continues
plaintiff's mental, physical, emotional injuries.

**PRE-EXISTING CONDITION (PHYSICAL INJURY)**
203. Plaintiff reincorporates paragraph 1-125 as if it were stated
here within.

204. Plaintiff suffers from a pre-existing condition of hemmorrhoids
that were in the process of healing, due to the treatment  that
plaintiff was receiving on the outside, from the medical staff
of Barnes Jewish Hospital, located in St.Louis, Missouri.

205. Defendants Weaver  Welch, Chalbach, Korte, Martin intentional
failure to treat and/or provide treatment for plaintiff's hemor-
rehoids caused them to worsen back into a state that   brings
plaintiff stress, humiliation, fear, frustration, mental anguish,
depression, as well as, physical pains and discomfort;in which,
plaintiff seeks compensatory, punitive damages, and declaratory
and injunctive relief.

206. Plaintiff asserts that he has been mentally, physically, and/or
emotionally tortured by these state actors, their co-workers,
friends, relatives, and/or associates for the past five years,
inside the City Of Pike County, and has suffered severely due to

**INJURIES**
(ATTACH PAGE $\cancel{4}$ OF $\underline{5}$)

their actions and/or inactions, and just wants to move on and
pursue a life of happiness and rehabilitation.

**IMMEDIATE AND GREATE IRREPARABLE INJURY**

207. Plaintiff reincorporates paragraph 1-125 as if it were mentioned
here within.

208. Plaintiff is threatened with continued violations of his consti-
tutional rights by these Pike County Officials.

209. Plaintiff is threatened with immediate dangers to his health and
safety by future housing at the Pike County Jail.

209. Plaintiff is threatened with continued denial of medical   care
for his injuries and serious medical needs if relief is    not
granted and/or by future housing at the Pike County Jail.

210. Plaintiff has a parole hearing coming up for July 11th,2023,and
is threatened with denial of parole if relief is not granted.

211. In reference to paragraph 210, if plaintiff is paroled and has
to return to the Pike County Jail, he is in danger of threats to
his health and safety at the Pike County Jail.

212. Plaintiff is threatened with irreparable injury of losing close
and/or re-established family ties, if relief is not granted.

213. Plaintiff has submitted multiple motions with the state courts
that have been intentionally denied and/or refused to be heard,
leaving plaintiff with no adequate remedy at law.

214. Plaintiff is threatened with unreasonable, unlawful, and/or unn-
ecessary extended incarceration.

215. Plaintiff's reputation, goodwill, and family relationships are
a loss that is not quantifiable.

## INJURIES
(ATTACH PAGE 5 OF 5)

216. Plaintiff will suffer irreparable injury from having to litigate a multiplicity of prosecutions, with no remedy at law.

217. Plaintiff asserts that his health is in a continued decline, and he is suffering from multiple pre-existing conditions (see, Cook V. Lockhart, et. al.); in which, further incarceration  is prolonging, hindering, and/or obstructing plaintiff's prognosis, treatment, and/or cure.

_____

**RELIEF REQUESTED**
(ATTACH PAGE __/__ OF __3__)

### IV. REQUESTED RELIEF

218. Plaintiff reincorporates paragraph 1-125 as if it were stated here within.

WHEREFORE, plaintiff request that this court grant the following relief:

A.) Declare that statute 302.321 that plaintiff is being prosecuted under is being misapplied, along with the statute 302.321.2 the enhancement provision; therefore, plaintiff'f entire detention is unlawful and illegal and the state has no jurisdiction over plaintiff and/or the charges.

B.) Declare that defendants Lawson, Anderson, Kerr, Beaudreau,Sutton, Embly and the Pike Co. crew violated plaintiff's first, fifth, fourth, sixth, eighth, and/or fourteenth amendment rights;

C.) Declare that defendants Ellison, Berry, Martin, Chalbach, Korte violated plaintiff's first, fourth, fifth, sixth, eighth,and/or fourteenth amendment rights;

D.) Declare that defendants Martin, Ellison, Kolthoff, Chalbach, Phelps, Harrison violated plaintiff's fourth amendment right to be free from illegal and unlawful search and seizures when they placed illegal restraints upon plaintiff's liberty without  a probable cause determination;

E.) Declare that defendants Ellison, Martin, Chalbach violated plaintiff's rights when they continually and intentionally failedto give plaintiff adequate notice of the charges against him;

F.) Declare that defendants Terrell, Meglio, Lucas failure to provide plaintiff with adequate legal representation, intentionally, to

**RELIEF REQUESTED**
(ATTACH PAGE **2** OF **3** )

deny plaintiff a fair trial violated plaintiff's rights to the sixth and/or first amendments of the U.S. Constitution;

G.) Declare that the delays utilized by defendants Ellison, Martin, and Chalbach in order to gain a tactical advantage over plaintiff violated plaintiff's fourteenth amendment right;

H.)Declare that defendants Martin, Chalbach, Korte, Charolette violated plaintiff's fourteenth amendment right by continuing  to house plaintiff in an uninhabitable cell meant for 24-hours, for approximately two-months, and intentionally mistreating him by cutting on the air-conditioner;

I.) declare that defendants Weaver, Welch, Chalbach, Martin, Korte violated plaintiff's fourteenth amendment right by refusing to provide necessary medical treatment for plaintiff's serious medical needs;

J.) Declare that the prosecution of plaintiff is unconstitutional, and offends judicial notions of fairness and dignity  and/or is commenced to harm, harass, intimidate, threaten, and/or retaliate against plaintiff;

K.) Declare that the 45th judicial circuit has no proper jurisdiction over plaintiff and/or the charges;

L.) Declare  that plaintiff will suffer irreparable injury  if  an injunction to refrain the prosecution of plaintiff isn't issued;

M.) Grant an injunction ordering the state to refrain from prosecting plaintiff on any and all allegations that arose out  of  the City Of Pike County;

N.) Grant plaintiff compensatory damages in the amount of  $10,000,000.00 (ten milloin dollars and zero cents);

## (RELIEF REQUESTED)
(ATTACH PAGE 36f3)

O.) Award plaintiff punitive damages in the amount of $5,000,000.00
(five million dollars and zero cents);

P.) Declare that the 45th judicial circuit public officials actions
and/or inactions must undergo disciplinary action and/or disba-
rment, and/or prosecution for violating state and federal law;

Q.) Declare that Pike County's policy, custom, practice, and/or
procedure of waiting until an inmate post bail before giving
notice of pending holds and/or warrants is unconstitutional and
must cease;

R.) Declare that plaintiff has been mistreated and/or treated unfai-
rly by these public officials and jailers;

S.) Grant plantiff such other relief as the court deems necessary
and/or as it may appear plaintiff is entittled to.

_____

## IV.    Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages.

```
For Relief see, RELIEF (attach page 1-3)
```

## V.    Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

☒ Yes          ☒ No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

```
Pike County Jail
```

B.    Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

☒ Yes          ☐ No          ☐ Do not know

C.    If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

☐ Yes          ☐ No          ☒ Do not know

5

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

    ☒ Yes          ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    ☐ Yes          ☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

At the Pike County Jail

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*) Assault, failure to protect, illegal detention, ACCESS TO THE COURTS, DELIBERATE INDIFFERENCE TO MEDICAL NEEDS.

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*) The grievance system of Pike County was only available at the first stages. All of plaintiff's attempts to exhuast the grievance procedure were ignored by sheriff, Korte (see, grievance appeals, with no response)

6

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*    The first step in the grievance at the Pike County Jail is on the kiosk machine; in which, plaintiff submitted response is attached.
    The second step is in writing to the Sheriff, but the sheriff never responded to plaintiff's grievance appeals.

    It should be noted, that plaintiff saw sheriff, Korte in the courtroom on or about April 3rd, 2023 and asked if the sheriff had been receiving plaintiff's grievances; in which, the sheriff replied 'yes' and that he does not know why plaintiff has not received a response.

F.  If you did not file a grievance:    N/A

1.  If there are any reasons why you did not file a grievance, state them here:

    N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.    see, note in paragraph 4.

PLAINTIFF SENT A NOTICE TO SUE AND A LETTER TO (THE
ATTORNEY GENERAL) ANDREW BAILEY (ON OR ABOUT) APRIL 25TH 2023 (SEE;
ATTACHED COPY- **EXHIBIT - A** ; NOTICE TO SUE - **EXHIBIT - B** ; AND A LETTER
TO (MISSOURI GOVERNOR) MICHEAL PARSON- **EXHIBIT - C** ON 5-3-23.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

Copies of plaintiff's grievance and appeals are attached hereto.

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

|___| Yes          |_x_| No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

N/A

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

|___| Yes          |_x_| No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _____ N/A _____

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

N/A

3.    Docket or case number _____
                                                              N/A

4.    Name of Judge assigned to your case _____

8

5.    Approximate date of filing lawsuit _____ N/A _____

6.    Is the case still pending?

☐ Yes

☐ No *(If no, give the approximate date of disposition):* N/A

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes          ☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.    Parties to the previous lawsuit

Plaintiff    James Cook (myself)

Defendant(s) Lukendra Lockhart, Kalley Sutton, Rachael Slaughter
et. al.

2.    Court *(if federal court, name the district; if state court, name the state and county)*

United States District Court
Eastern District of Missouri
Norther  Division

3.    Docket or case number    2:20-CV-00024-SRC

4.    Name of Judge assigned to your case    Stephen R. Clark

5.    Approximate date of filing lawsuit    on or about September of 2020

9

6.  Is the case still pending?

☐ Yes

☒ No (*If no, give the approximate date of disposition*): June of 2022 (app)

7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)
    Dismissal; in which, plaintiff feared to continue, because
    he was surrounded by the staff at NECC that he sued and/or
    their relatives, and hoped to settle their difference and/or
    to survive.

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 15+h day of N/4y , 20 23 .

Signature of Plaintiff

James Cook #1009166
Moberly Correctional Center
5201 South Morley Street
P.O.Box 7
Moberly, Missouri 65270
( PLAINTIFF, ACTING ProSe)

10