**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JAMES COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-00033 SEP |
| | ) | |
| CONOR MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Before the Court in this closed civil matter are self-represented Plaintiff James Cook's Motion for Reconsideration of the Order of Dismissal Pursuant to Rule 60, Doc. [21], and Motion for Extension of Time to Amend Complaint, Doc. [22].  For the reasons set forth below, the motions are denied.

### BACKGROUND

Plaintiff initiated this action on June 12, 2023, bringing multiple unrelated claims against 25 Defendants.  Doc. [1].  The many claims in the 81-page Complaint primarily concerned incidents that allegedly occurred while Plaintiff was held in the Pike County Jail in late 2022, but they also included several unrelated claims concerning incidents that occurred during or after his multiple arrests during the summer of 2022.  *See* Doc. [8] at 16.  The Court severed, as improperly joined, the arrest-related claims pursuant to Federal Rule of Civil Procedure 21.  *Id*. at 16-17.  The Court dismissed Plaintiff's claims for false imprisonment, retaliation, illegal search, equal protection violations, and conspiracy for failure to state a claim under Rule 12(b)(6).  *Id*. at 18-26.  The Court dismissed his claims against multiple prosecutors due to prosecutorial immunity.  *Id*. at 26-27.  Finally, the Court stayed all remaining claims pending final disposition of Plaintiff's pending state court criminal proceedings.  *Id*. at 31.

On April 26, 2024, after his state court criminal matters concluded, Plaintiff filed a motion to reopen this matter, Doc. [11], which the Court granted, Doc. [17].  The March 19, 2025, Order gave Plaintiff 30 days to file an amended complaint in accordance with certain instructions, warning Plaintiff that failure to do so would result in dismissal of this action.  *Id*. Plaintiff never filed an amended complaint, and on May 5, 2025, the Court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b).  *See* Doc. [18].

On March 24, 2026, almost a year after the dismissal and closure of this action, Plaintiff filed a Motion for Reconsideration of the Order of Dismissal Pursuant to Rule 60, Doc. [21], and a Motion for Extension of Time to Amend Complaint, Doc. [22]. In the motion to reconsider, Plaintiff states that he did not act with bad faith or willful disobedience, and that he failed to timely file in part because he sometimes had trouble accessing the law library, but primarily because he "did not believe that it was safe for him to pursue further litigation at that time." Doc. [21] at 2. He says nothing about why he believed it might not have been safe for him to amend his Complaint, nor does he explain why library access was necessary.

## DISCUSSION

Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect, or newly discovered evidence. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted). On review of Plaintiff's motion, the Court finds no exceptional circumstance that could justify amending its prior decision. Plaintiff points to no mistake, inadvertence, surprise, or newly discovered evidence. Plaintiff's bald assertion that he felt it would be unsafe to file an amended complaint, with no supporting facts, does not amount to a showing of excusable neglect.

Plaintiff's allegation that he could not always access the law library while in custody also fails to demonstrate excusable neglect. He does not explain why it would have been impossible to draft an amended complaint—the preparation of which would require a recitation of the factual bases for his claims as opposed to legal research—outside of a library. Also, Cook was not imprisoned for the entire time between dismissal of this action and the date he filed the instant motions. At some point during 2025, he was released from MDOC custody and moved to Georgia, after which he was arrested in Atlanta on November 15, 2025, and incarcerated in Fulton County Jail. *See* Doc. [23] (explaining Cook's change of address); *see also* Fulton County Jail Records Search, portal-gafulton.tylertech.cloud/PAJailManager/JailingDetail.aspx?JailingID=1528062, [https://perma.cc/G3A9-NU8B] (last visited June 10, 2026).[1] Yet, he did not file the instant

---

[1] The Court takes judicial notice of the public records on the Fulton County, Georgia, inmate locator website. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

2

motions until March 24, 2026.  Plaintiff provides no reason for the months-long delay in filing the motions following his release from MDOC custody.[2]  Nor does he demonstrate any other exceptional circumstance warranting relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration of the Order of Dismissal Pursuant to Rule 60, Doc. [21], is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to Amend Complaint, Doc. [22], is **DENIED** as moot.

Dated this 11th day of June, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not imply that it would have excused the late filing had Plaintiff filed his motions immediately upon release from MDOC custody, but doing so would have demonstrated a diligence not shown on the record in this matter, and it would have supported Plaintiff's claim that being in custody impeded his pursuit of this litigation.